MISSISSIPPI VALLEY LIFE INSURANCE CO. *v.* NANCY NEWMAN.

**Insurance—Payment of premium—Waiver.**

The evidence was held not to show that a note given by the applicant for life insurance premium was accepted by the agent of the insurance company in satisfaction of payment of the first premium, such payment being a condition precedent to the delivery of the policy; and held also that there was not sufficient evidence of a waiver of the cash payment of the first premium.

APPEAL FROM LYON CIRCUIT COURT.

April 9, 1873.

OPINION BY JUDGE PETERS:

This appeal is prosecuted by the Mississippi Valley Life Insurance Company from a judgment recovered against it for two thousand dollars by Mrs. Nancy Newman, widow of James Newman, deceased, on an insurance of his life by said company executed by

him in his lifetime, as she insists. And the question at issue is whether appellant did in fact insure the life of decedent.

No policy was ever delivered. Wheeler, who was acting as the agent of appellant testified that he received the application of decedent for an insurance at Louisville, proves that the application was received and approved, and a policy for $2,000 sent to him at Paducah (Newman at the time residing at Smithland or Eddyville), to be forwarded to him, Newman; that the policy was received by him from the 10th to the 15th of September, 1871, and was sent to him without any conditions, and would have been forwarded to Newman immediately, but for the low stage of water in the Cumberland and Ohio rivers, which prevented any communication between Paducah and Eddyville, there being no way of transporting the mail except by the river; that he kept the policy a week or ten days, and then gave it to Gen. Finnell, to be forwarded from Louisville, or some place on the railroad, to Eddyville, and that the policy was forwarded to John Boyd, his agent at the last named place. He states that there was no tender of the premium made in the lifetime of Newman because communications were cut off between himself and Newman on account of low water, and he did not consider a tender a prerequisite, as the policy had been issued, and was in force at the time of Newman's death, and first premium receipted on its face by Charles F. Fecher, secretary of the company.

In a previous part of his deposition he stated he took the note of Newman for the first premium and assured him at the time that if his policy was issued his insurance would date from the time he made his application, that in taking his note for the first premium he assumed the payment of the *binding receipt* required by the company, and notified it of the fact, when he forwarded the application, and upon that information the policy of Newman was issued, that he had taken a number of applications in the same manner, all of which were ratified by the company. The note he says was payable to the company; he did not remember whether he sent it to the company or not, but he notified it that he had taken it, which was the same thing, and he was in the habit of retaining notes until the premiums were paid; that he was acting as the agent of the company on a salary, and the amount of notes taken in the way Newman's was were invariably charged to him. If the policies were accepted by the applicants when issued and presented by him, the amount was

acknowledged by the company. If the policies were not accepted, the amount of the first premium called "the binding receipt," was deducted from his salary; in this transaction the company could lose nothing, as his salary was a security to them.

This is the contract substantially of assurance as proved by Wheeler. Fletcher, the secretary of appellant, proves that it invariably instructed its agents to require its advance premiums in cash in every instance at the time of taking the application for insurance, and Wheeler was instructed more than once very particularly on that subject; that James Newman's application was received at the office of the company on the 6th day of September, 1871, with four or five others, sent there by Wheeler, that no statement whatever accompanied said application, and no reason given to induce the belief that the application was taken except according to the instructions furnished Wheeler by the company, and that Wheeler made a monthly return for the month of September, 1871, and he shows in that return the premium of James Newman unpaid, and after that report he did no business for the company. That the policy was mailed to John Boyd, agent at Eddyville, on the 25th of September, 1871, with instructions to present it, collect the premium, and report on same, and he never heard of a note having been taken for the first premium until after the death of Newman.

In the printed form of an application for an insurance filed with the petition one of the stipulations is, that the assurance shall not be binding on the company until the amount of premium as stated therein, shall be received by said company, or an accredited agent thereof in the lifetime of the assured—and there is a condition on the face of the policies issued by the company, as Fennell proves, that the same are not binding until the first premium is paid during the lifetime and good health of the insured, etc. He also proves that the company never received, nor had any information that a note had been taken for the first premium of Newman's insurance till the month of October, 1871, after the death of Newman. Wheeler sent it to the office stating he had taken it for the *first premium* and that Newman was dead; this was after Wheeler had been removed as agent of appellant.

The evidence we regard as wholly insufficient either to establish the fact, that a note was given by decedent, and was accepted by the agent Wheeler as satisfaction of the payment of the first pre-

mium required in order to affect an insurance. Nor is there sufficient evidence of a waiver of the cash payment of the first premium, which was a condition precedent to the delivery of the policy.

*St. Louis Mutual Life Insurance Company v. Kennedy,* 6 Bush 450.

Wherefore the judgment is *reversed* and the cause is remanded with directions to dismiss the petition.

*Muir & Byier, for appellant.*

*C. Bennett, for appellees.*